IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAC T. HOILIEN, an individual | ) | CV. NO. 10-00761 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, a Business | ) | |
| Entity, form unknown; | ) | |
| COUNTRYWIDE HOME LOAN, | ) | |
| INC. a Business Entity, form | ) | |
| unknown; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, a Business Entity, form | ) | |
| unknown; and DOES 1–100 | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT; (2) DISMISSING PLAINTIFF'S CLAIM FOR TILA
RESCISSION WITH PREJUDICE; (3) DISMISSING ALL REMAINING
CLAIMS WITHOUT PREJUDICE; AND (4) GRANTING PLAINTIFF LEAVE
TO AMEND THE COMPLAINT

On July 18, 2011, the Court was scheduled to hear Defendants'

Motion to Dismiss Complaint. However, because Plaintiff Lac T. Hoilien

("Plaintiff") represented to the Court that she was in the process of obtaining

counsel, the Court postponed the hearing until August 4, 2011. On August 4,

2011, the Court heard Defendants' Motion to Dismiss Complaint. Despite having

retained local counsel as well as counsel from the mainland[1], and despite being explicitly told by Magistrate Judge Kevin S.C. Chang at the status conference held on July 21, 2011 that counsel was expected to appear at the August 4, 2011 hearing, no counsel appeared on behalf of Plaintiff.[2]  Plaintiff also did not appear pro se on behalf of herself.[3]  Mitsuko Takahasi, Esq., and Patricia McHenry, Esq., appeared at the hearing on behalf of Defendants.  After reviewing the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 17), DISMISSES WITH PREJUDICE Plaintiff's TILA rescission claim, DISMISSES WITHOUT PREJUDICE all other claims, and GRANTS Plaintiff leave to amend the Complaint.

## BACKGROUND

On December 21, 2010, Plaintiff Lac T. Hoilien filed a Complaint against Defendants Bank of America ("BofA"), Countrywide Home Loan, Inc. ("Countrywide"), Mortgage Electronic Registration Systems ("MERS"), and Does 1–100, inclusive (collectively, "Defendants"), alleging that Plaintiff had been lured

---

[1] The Court notes that Plaintiff's mainland counsel, Richard E. Lehrfeld, Esq., has been admitted pro hac vice to appear before this Court.

[2] The Court additionally notes that due to Plaintiff recently retaining counsel, she was given additional time in which to file an Opposition to Defendants' Motion to Dismiss.  No such Opposition was filed.

[3] Three calls were made in the hallway for Plaintiff with no response.

into a predatory mortgage loan.[4] ("Compl.," Doc # 1.) Specifically, Plaintiff's Complaint alleges Counts: (Count I) Declaratory Relief (Compl. ¶¶ 40–44); (Count II) Injunctive Relief (id. ¶¶ 45–48); (Count III) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing (id. ¶¶ 49–55); (Count IV) Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 56–65); (Count V) Violation of Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 66–72); (Count VI) Rescission (id. ¶¶ 73–77); (Count VII) Unfair and Deceptive Business Act Practices ("UDAP") (id. ¶¶ 78–83); (Count VIII) Breach of Fiduciary Duty (id. ¶¶ 84–88); (Count IX) Unconscionability – UCC-2-3202[5] (id. ¶¶ 89–92); (Count X) Predatory Lending (id. ¶¶ 93–105); (Count XI) Quiet Title (id. ¶¶ 106–109); and (Count XII) Lack of Standing; Improper Fictitious Entity (MERS) (id. ¶¶ 110–117).

Plaintiff is a resident of the State of Hawaii. (Id. ¶ 1.) Plaintiff entered into a loan repayment and security agreement on or about January 23, 2006, with Defendant Countrywide, which required Plaintiff to repay a loan in the

---

[4] Plaintiff presumably filed the Complaint in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, although Plaintiff does not provide as much in her Complaint.

[5] The Court assumes Plaintiff actually means Uniform Commercial Code § 2-302 – Unconscionable Contract or Clause.

amount of $500,000.00. (Id. ¶ 2.) The real property at issue in this loan transaction is located at 3343 Keha Drive, Maui Meadows, Kihei, HI 96753 (the "Subject Property"). (Compl. ¶ 1.)

Plaintiff alleges that Defendants "intentionally concealed the negative implications of the loan they were offering," putting Plaintiff in a position of potentially "losing [her] home to the very entity and entities who placed [her] in this position." (Id. ¶ 19.) Plaintiff also contends that Defendants "hold an interest in a loan that was improperly handled from its inception," and used "acts of deception violat[ing] several statutes and in essence creat[ing] an illegal loan." (Id. ¶¶ 20, 25.) In addition, Plaintiff asserts that Countrywide "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff for a loan which [they] knew or should have known that Plaintiff could not qualify for or afford . . . ." (Id. ¶ 26.)

On March 3, 2011, Defendants filed a Motion to Dismiss Complaint filed December 21, 2010 and a Memorandum in Support of their Motion ("Motion"). (Doc. # 17.) On the same day, they filed a Memorandum of Points and Authorities in Support of their Motion. ("Mot.," Doc. # 16.) Pro Se Plaintiff has advised the court that her attorney is Richard Lehrfeld and that he will submit an application to appear Pro Hac Vice before this Court. However, no Opposition to Defendants' Motion has been filed by Plaintiff.

<u>STANDARD OF REVIEW</u>

I.     <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")
(internal quotations and citations omitted).

II.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud
or mistake, a party must state with particularity the circumstances constituting
fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b)
requires particularized allegations of the circumstances <u>constituting</u> fraud."  <u>In re
GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc),
<u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature
of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to
satisfy this requirement.  <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express,
Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the
alleged fraud [must] 'be specific enough to give defendants notice of the particular
misconduct . . . so that they can defend against the charge and not just deny that
they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124
(9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir.
2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff
to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that Defendants' Motion should be granted. Plaintiff's TILA rescission claim is dismissed with

prejudice, while the remainder of Plaintiff's Complaint is dismissed without prejudice, with leave to amend.

I.      Counts I and II: Declaratory Relief and Injunctive Relief

Count I of the Complaint asserts a claim for declaratory relief to prevent Defendants from foreclosing on the Subject Property, because Defendants' interest in the Subject Property has allegedly been rendered void due to violations of law. (Compl. ¶¶ 40–44.)  Count II of the Complaint seeks an injunction preventing Defendants from proceeding with their foreclosure action and Plaintiffs argue that "injunctive relief . . . is necessary and appropriate at this time to prevent irreparable loss to Plaintiff."  (Id. ¶¶ 45–48.)

Plaintiff's requests in Count I and II fail to satisfy the minimum pleading requirements of Rules 8 and 9(b).  Count I alleges that "Defendants did not properly comply with proper delivery procedures under RESPA," and that "Defendants [sic] actions in the processing, handling and attempted foreclosure of this loan has [sic] contained numerous violations of State and Federal laws . . . ." (Id. ¶¶ 41–42.)  Count II contends that "Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined . . . ."  (Id. ¶ 48.)  Here, Plaintiff fails to allege any facts and solely provides legal conclusions regarding Defendants' purported wrongful conduct and

violations of State and Federal laws.  Such legal conclusions are not entitled to an

assumption of truth when ruling on a motion to dismiss.  See <u>Iqbal</u>, 129 S. Ct. at

1949.  As such, Plaintiff's conclusory allegations are insufficient to state a claim

for relief.

Additionally, Plaintiff contends, in Count I, that "the Defendants

perpetrated a fraudulent loan transaction."  (Compl. ¶ 41.)  To the extent that

Plaintiff brings allegations of fraud against Defendants, Plaintiff has failed to

satisfy the heightened fraud pleading standard under Rule 9(b).  The Court

discusses this at length in Section XII of the instant Order below.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiff's claims for declaratory and injunctive relief, and DISMISSES

WITHOUT PREJUDICE Counts I and II.

II.      <u>Count III: Contractual Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Count III of the Complaint alleges that Defendants "willfully breached

their implied covenant of good faith and fair dealing," by withholding numerous

disclosures; withholding notices with regards to excessive fees and closing costs,

below standard and non-diligent underwriting standards, good faith estimates,

disclosures of additional income due to interest rate increases, failure to disclose

when negative credit scores were disseminated, failure to provide disclosures of

business affiliations, ARM disclosures, and credit card disclosures; and willfully placing Plaintiff in a loan that she did not qualify for and could not afford. (Compl. ¶ 53.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith. Haw. Rev. Stat. § 490:1-304. Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiff fails to allege any specific facts and solely provide legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing. While Plaintiff provides a laundry list of disclosures and notices allegedly withheld by Defendants, she fails to state how Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing. Moreover, Plaintiff fails to show that any of the allegedly withheld notices were required under statute or any other law. Simply making such conclusory allegations is insufficient to properly plead this claim. Thus, Plaintiff's legal conclusions are entitled to no weight. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, and DISMISSES WITHOUT PREJUDICE Count III.

III.    Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq.

Count IV of the Complaint alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to provide Plaintiff with all of the required disclosures.  (Compl. ¶¶ 56–65.)  Plaintiff asserts rescission and civil liability for the purported TILA violations.  Defendants contend that  Plaintiff's TILA claims are barred by the statute of limitations and that equitable tolling does not apply.  (Mot. at 12–17.)  The Court will address each remedy separately.

A.    Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security.  15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first." 15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986). A borrower's right to rescind extends for three years if a lender fails to disclose the right to rescind or fails to make any other "material disclosure." 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures include the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule).

Here, Plaintiff consummated her loan on January 23, 2006, and initiated this action on December 21, 2010. Plaintiff's request for rescission is therefore barred by the statute of limitations. Moreover, equitable tolling does not apply to rescission under TILA. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiff's TILA rescission claim is barred by the statute of limitations.

B.    Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  As stated above, Plaintiff entered into her loan transaction on January 23, 2006, and initiated the instant lawsuit on December 21, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

        In this case, Plaintiff alleges that Defendants violated TILA by failing to provide them with all of the required disclosures.  (Compl. ¶¶ 56–65.)  As in Meyer and Hubbard, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies.  Their assertion that the statute of limitations should be tolled

because Defendants "fail[ed] to effectively provide the required disclosures and notices," (id. ¶ 60) is conclusory and does not justify application of equitable tolling. Plaintiff offers no explanation as to why she was unable to discover the TILA violations within the one-year statutory period. Plaintiff's conclusory allegations without more are insufficient for her to invoke the doctrine of equitable tolling. Therefore, Plaintiff's TILA damages claim is barred by the statute of limitations.

Accordingly, the Court GRANTS Defendants' Motion as to all of Plaintiff's TILA claims. Plaintiff's TILA rescission claim is barred by the statute of limitations as a matter of law, and is thus DISMISSED WITH PREJUDICE. All other TILA claims are DISMISSED WITHOUT PREJUDICE.

IV.     Count V: Real Estate Settlement Procedures Act Violations

Count V of the Complaint alleges that Defendants violated RESPA by requiring Plaintiff "to pay interest rate, fees and/or charges not justified by marketplace economics at the time" the loan originated, and by not providing Plaintiff with a Special Information Booklet explaining settlement costs within three business days after submitting the loan application. (Compl. ¶¶ 70–71.) Defendants assert that Plaintiff's RESPA claim is barred by the statute of limitations. (Mot. at 18–19.)

RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605). Plaintiff's RESPA claim appears to allege a violation of 12 U.S.C. § 2607, which relates to kickbacks and unearned fees. (See Compl. ¶¶ 70–71.) Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than one year before Plaintiff filed the instant action, her claim is barred by the statute of limitations.[6] As discussed above, Plaintiff is not entitled to equitable tolling because she has failed to allege specific facts showing why they could not bring suit within the limitations period.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's RESPA claim, and DISMISSES WITHOUT PREJUDICE Count V.

V.      Count VI: Rescission

Count VI of the Complaint alleges that Plaintiff is entitled to rescind her loan under violations of TILA, RESPA, fraudulent concealment, Deceptive Acts and Practices (UDAP), and under public policy grounds. (Id. ¶ 74.)

---

[6] Indeed, Plaintiff's RESPA claim also fails under the three-year statute of limitations.

However, rescission is a remedy and not an independent cause of action, thus there must be grounds on which to support an award of rescission. See Bischoff v. Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

For the reasons stated above in the Court's analysis of Plaintiff's TILA claim, Plaintiff is not entitled to rescission under TILA. Plaintiff's claim for rescission under RESPA fails as well, because rescission is not a form of relief offered by the statute. See 12 U.S.C. § 2601–2617. Additionally, as stated above, Plaintiff's claim for RESPA fails, thus any derivative claim fails as well. Plaintiff's third and fourth bases for rescission, fraudulent concealment and UDAP, fail for the reasons discussed below in Sections XII and VI, respectively. Finally, Plaintiff's claim for rescission on "public policy grounds" is wholly unsupported, simply a legal conclusion, and entitled to no weight. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for rescission of the loan and DISMISSES WITHOUT PREJUDICE Count VI.

VI.    Count VII: Unfair and Deceptive Trade Practices Act ("UDAP") Violations

Count VII of the Complaint alleges that Defendants "violated the Unfair and Deceptive Acts and Practices by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of her home, equity, as

well as her past and future investment." (Compl. ¶ 82.)  Plaintiff also alleges that

"no disclosures, loan applications, interest rate disclosures, loan program or

questions were discussed or answered in Plaintiff's native language." (Id. ¶ 80.)

First, Plaintiff fails to cite any specific provision of Hawaii Revised Statutes

Chapter 480[7] that was violated by Defendants, which is grounds for dismissal of

the claim.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111,

1125 (N.D. Cal. 2009); Mansour v. Cal-Western Reconveyance Corp., 618 F.

Supp. 2d 1178, 1183 (D. Ariz. 2009).[8]  Although FRCP Rule 8 requires only that a

complaint include a "short and plain statement of the claim showing that the

pleader is entitled to relief," the complaint must sufficiently put Defendants on fair

notice of the claim asserted and the ground upon which it rests.  Defendants, nor

the Court, are required to speculate as to which provisions Plaintiff is suing under

or how Defendants violated such provisions.  Vague allegations containing mere

labels and conclusions are insufficient to survive a motion to dismiss. See

Twombly, 550 U.S. at 555.

---

[7]Plaintiff's claim is presumably based upon violation of this statute.

[8]Although the Court does not cite to other district courts as precedent, it
notes that the cases cited here have also visited a similar issue.

While Plaintiff fails to cite to any specific statute, Hawaii Revised Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2(a). "Two distinct causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair methods of competition; and (2) claims alleging unfair or deceptive acts or practices."[9] Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344, 1346 (D. Haw. 1996).

Section 480-13 provides a private right of action for violations of section 480-2.[10] Haw. Rev. Stat. § 480-13. To maintain this cause of action, the

---

[9] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2. Haw. Rev. Stat. § 480-2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010). A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1.

[10] Specifically, section 480-13(a) provides a cause of action for "any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter," and section 480-13(b) provides a cause of action for "[a]ny consumer who is injured by any unfair or deceptive act or practice" in violation of section 480-2. Haw. Rev. Stat. § 480-13(a), (b). The plaintiff may sue for both injunctive relief and damages under sections 480-13(a) and (b). Id.

plaintiff must demonstrate: (1) a violation of section 480-2; (2) injury to the consumer caused by such a violation;[11] and (3) proof of the amount of damages. <u>Davis v. Wholesale Motors, Inc.</u>, 949 P.2d 1026, 1038 (Haw. App. 1997) (citations omitted).

Plaintiff's UDAP claim consists entirely of conclusory allegations, which are insufficient to survive a motion to dismiss. Plaintiff merely provides that "Defendants failed to undergo a diligent underwriting process . . . failed to properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan and place Plaintiff in a loan . . . which [she] should never have been approved for . . ." (Compl. ¶ 79.) Plaintiff further alleges that "Defendants also used various rates and charges to disguise the actual payment schedule and loaned amount . . . enjoyed unjust enrichment and have profited and deceptively preyed upon Plaintiff," and "intentionally concealed business affiliates and rushed the closing" of the loan. (<u>Id.</u> ¶¶ 79, 81.) Plaintiff fails to specify what "facts or circumstances," or "rates and charges" she is referring to. She fails to specify any "concealed business affiliates" or how the closing of the loan was rushed. In sum,

---

[11] In an unfair method of competition claim, the second element is injury to the plaintiff's business or property resulting from the section 480-2 violation. <u>Haw. Med. Ass'n</u>, 148 P.3d at 1216.

Plaintiff utterly fails to elaborate on the basis of these claims or provide any level of factual detail as to her UDAP claim.

Finally, Plaintiff's UDAP claim is barred by the statute of limitations. Under HRS 480-24(a), "any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues . . . ." HRS § 480-24(a). Furthermore, the statute of limitations period starts to run upon the occurrence of Defendants' alleged violation. See McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1289–90 (D. Haw. 2007). In the instant case, all of Defendants' alleged UDAP violations occurred at the time the loan originated. Plaintiff originated her loan on January 23, 2006, and filed the instant Complaint on December 21, 2010. Thus, the four-year statute of limitations has passed for Plaintiff to bring any UDAP claims arising out of acts that occurred at loan consummation.

For all of the above reasons, Plaintiff fails to state a claim for a UDAP violation. Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's UDAP claim and DISMISSES WITHOUT PREJUDICE Count VII.

## VII.  Count VIII: Breach of Fiduciary Duty

Count VIII of the Complaint states that "Defendant owed a fiduciary duty to Plaintiff and breached that duty by [f]ailing to advise or notify

Plaintiff . . . that Plaintiff would or had a likelihood of defaulting on the loan . . . ." (Compl. ¶ 85.) Defendants argue that their relationship with Plaintiff is that of a lender, and that lenders typically do not owe fiduciary duties to their borrowers. (Mot. at 22–24.) Defendants are correct in asserting that there traditionally exists no fiduciary duty between borrowers and lenders. Unless a special relationship exists between a borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies. Giles v. General Motors Acceptance Corp., 494 F.3d 865, 883 (9th Cir. 2007); see also Pension Trust Fund for Operation Engineers v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiff makes no allegations suggesting that their relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship. Simply stating that "[d]efendants owed a fiduciary duty to Plaintiff and breached that duty" is insufficient to establish the existence of a fiduciary duty. (Compl. ¶ 85.) Thus, Plaintiff's allegations in Count VIII are wholly conclusory and unsupported. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for breach of fiduciary duty, and DISMISSES WITHOUT PREJUDICE Count VIII.

## VIII. Count IX: Unconscionability

In Count IX of the Complaint, Plaintiff brings a claim for unconscionability alleging that, "based on the deception, unfair bargaining position, [and] lack of adherence to the [law] . . . the court may find that the loan agreement and trust deed are unconscionable and of no force or effect." (Compl. ¶ 92.) According to the Hawaii Supreme Court, unconscionability is a cause of action asserted to prevent the enforcement of a contract where, "the <u>clauses</u> are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." (emphasis added) <u>Lewis v. Lewis</u>, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiff's allegations fail to address any contract terms between Plaintiff and Defendants, and instead, address Defendants' alleged conduct generally. These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made. For this reason, Plaintiff's contentions in Count IX fail to state a claim for unconscionability.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for unconscionability, and DISMISSES WITHOUT PREJUDICE Count IX.

IX.    Count X: Predatory Lending

Count X of the Complaint contends that Defendants engaged in predatory lending practices by: targeting inappropriate or excessively expensive credit products to older borrowers, to persons who are not financially sophisticated, or may be otherwise vulnerable to abusive practices, not prominently disclosing the good faith estimate of closing costs, requiring Plaintiff to pay rates and fees that were not justified by the marketplace, utilizing the practice of approving loans with high debt rations, marketing the loan in a way that did not disclose its material terms, basing the loan on a loan application that is inappropriate for the borrower, and underwriting the loan without due diligence. (Compl. ¶¶ 98–105.)

Despite Plaintiff's laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiff is bringing this claim under. Plaintiff fails to cite any relevant statute or law under which Defendants' alleged behavior is prohibited. Aside from citing to the Office of Comptroller of Currency's definition of predatory lending, Plaintiff fails to identify any Hawaii or federal law creating a cause of action for predatory lending. (Compl. ¶ 94.) As stated above, Defendants, nor the Court, are required to speculate as to what law Plaintiff is suing under or how Defendants violated such law. Vague allegations containing

mere labels and conclusions are insufficient to survive a motion to dismiss. <u>See</u> <u>Twombly</u>, 550 U.S. at 555. As such, Plaintiff's claim for predatory lending fails.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for predatory lending, and DISMISSES WITHOUT PREJUDICE Count X.

X.    Count XI: Quiet Title

In Count XI of Plaintiff's Complaint, Plaintiff seeks to quiet title in the Subject Property via a declaration from the Court that "the title to the Subject Property is vested in Plaintiff[] alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property . . . ." (Compl. ¶ 109.) Under Hawaii Law, an action to quiet title "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim. Haw. Rev. Stat. § 669-1(a).

Plaintiff states that "Defendants, and each of them, claim an interest in the Subject Property," and that "said Defendants have no legal or equitable right, claim, or interest in the Property." (Compl. ¶ 108.) However, this is merely a formulaic recitation of an element of the claim. Plaintiff fails to plead any facts suggesting what interests are being claimed by Defendants and the nature of those interests. Throughout the Complaint, Plaintiff makes blanket statements about

Defendants without recognizing that Defendants constitute multiple entities.  As

such, the Court is unable to determine what rights and interests in the Subject

Property each defendant is claiming, thus Plaintiff's claim to quiet title fails.[12]

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's

claim to quiet title, and DISMISSES WITHOUT PREJUDICE Count XI.

XI.    Count XII: Lack of Standing; Improper Fictitious Entity (Against Defendant MERS)

In Count XII of the Complaint, Plaintiff alleges that MERS is an

"artificial entity" "designed to circumvent certain laws and other legal

requirements dealing with mortgage loans."  (Compl. ¶ 113.)  Plaintiff asserts that

an assignment of the note or mortgage to MERS is illegal, (id. ¶ 114), and

therefore, "MERS has no legal standing to foreclose" (id. ¶ 117).  Plaintiff appears

to be alleging that MERS may not foreclose, or has improperly foreclosed, because

it is not a holder of the note.  As it stands, however, Plaintiff's Count XII makes

little sense because standing is a requirement for a plaintiff in order to proceed in a

lawsuit, not one that a defendant must establish.  Further, Plaintiff's statement that

---

[12] Defendants argue, amongst other things, that Plaintiff "has not alleged that [she] is able to tender the entire amount of the indebtedness."  (Mot. at 27.)  The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim to quiet title.

MERS has no legal standing to foreclose is a conclusory allegation insufficient to state a claim upon which relief may be granted.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for lack of standing, and DISMISSES WITHOUT PREJUDICE Count XII.

XII.    Fraud

Throughout Plaintiff's Complaint, she makes various allegations suggesting fraudulent conduct on the part of Defendants.  (See e.g. Compl. ¶¶ 41, 55, 65, 74, 82, 102.)  These allegations are insufficient to meet Plaintiff's burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  Plaintiff fails to plead the time and place of any alleged fraud and they also do not specify what role each defendant played in the alleged misconduct.  Furthermore, Plaintiff's statements that "Defendants perpetrated a fraudulent loan transaction" (Compl. ¶ 48), that Defendants' actions were fraudulent and malicious (Compl. ¶ 63, 74), and that Defendants partook in fraudulent concealment (Compl. ¶ 84), are legal conclusions entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion as to any claims made by Plaintiff regarding fraud.

XIII   <u>Leave to Amend</u>

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint.  Accordingly, the Complaint is DISMISSED as against all Defendants in this action with leave to amend the Complaint, with the exception of Plaintiff's TILA rescission claim, no later than 30 days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured her, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.  If Plaintiff chooses to file an amended complaint, she <u>must</u> (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue her claims, which includes attending hearings and conferences in person unless there is a legitimate excuse. Further, Plaintiff's counsel is strongly cautioned that failure to abide by Court orders or to diligently prosecute the case, including appearing before the Court at scheduled hearings, may result in dismissal of the entire action with prejudice.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 17), DISMISSES WITH PREJUDICE Plaintiff's TILA rescission claim, DISMISSES WITHOUT PREJUDICE all other claims, and GRANTS Plaintiff leave to amend the Complaint.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 10, 2011.

_____
David Alan Ezra
United States District Judge

Hoilien v. Bank of America et al., Cv. No. 10-00761 DAE-KSC; ORDER: (1)
GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT; (2)
DISMISSING PLAINTIFF'S CLAIM FOR TILA RESCISSION WITH
PREJUDICE; (3) DISMISSING ALL REMAINING CLAIMS WITHOUT
PREJUDICE; AND (4) GRANTING PLAINTIFF LEAVE TO AMEND THE
COMPLAINT