IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LAC T. HOILIEN, an individual, | ) | CV. NO. 10-00761 DAE-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| BANK OF AMERICA, a Business Entity, form unknown; COUNTRYWIDE HOME LOAN, INC., a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1–100 inclusive, | ) | |
| Defendants. | ) | |

ORDER DISMISSING ACTION

On December 21, 2010, Plaintiff Lac T. Hoilien filed a Complaint against Defendants Bank of America ("BofA"), Countrywide Home Loan, Inc. ("Countrywide"), Mortgage Electronic Registration Systems ("MERS"), and Does 1–100, inclusive (collectively, "Defendants"), alleging that Plaintiff had been lured into a predatory mortgage loan. ("Compl.," Doc # 1.) The Complaint alleged the following claims: (Count I) Declaratory Relief (Compl. ¶¶ 40–44); (Count II) Injunctive Relief (id. ¶¶ 45–48); (Count III) Contractual Breach of Implied

Covenant of Good Faith and Fair Dealing (id. ¶¶ 49–55); (Count IV) Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 56–65); (Count V) Violation of Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 66–72); (Count VI) Rescission (id. ¶¶ 73–77); (Count VII) Unfair and Deceptive Business Act Practices ("UDAP") (id. ¶¶ 78–83); (Count VIII) Breach of Fiduciary Duty (id. ¶¶ 84–88); (Count IX) Unconscionability – UCC-2-3202 (id. ¶¶ 89–92); (Count X) Predatory Lending (id. ¶¶ 93–105); (Count XI) Quiet Title (id. ¶¶ 106–109); and (Count XII) Lack of Standing; Improper Fictitious Entity (MERS) (id. ¶¶ 110–117).

According to the Complaint, Plaintiff entered into a loan repayment and security agreement on or about January 23, 2006 with Defendant Countrywide, which required Plaintiff to repay a loan in the amount of $500,000.00. (Id. ¶ 2.) The loan pertained to the real property located at 3343 Keha Drive, Maui Meadows, Kihei, HI 96753 (the "Subject Property"). (Compl. ¶ 1.) Plaintiff alleged that Defendants "intentionally concealed the negative implications of the loan they were offering," putting Plaintiff in a position of potentially "losing [her] home to the very entity and entities who placed [her] in this position." (Id. ¶ 19.) Plaintiff further alleged that Defendants "hold an interest in a loan that was improperly handled from its inception," and used "acts of deception violat[ing] several statutes and in essence creat[ing] an illegal loan." (Id. ¶¶ 20, 25.)

2

Additionally, Plaintiff asserted that Countrywide "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff for a loan which [they] knew or should have known that Plaintiff could not qualify for or afford . . . ." (Id. ¶ 26.)

On March 3, 2011, Defendants filed a Motion to Dismiss. (Doc. # 17.) Plaintiff advised the Court that her attorney was Richard Lehrfeld and that he would be submitting an application to appear Pro Hac Vice before this Court. However, no Opposition to Defendants' Motion was filed by Plaintiff. The Court heard Defendants' Motion on August 4, 2011. Despite the fact that Plaintiff had retained counsel[1] and was expressly told by Magistrate Judge Kevin S.C. Chang at the July 21, 2011 status conference that counsel was expected to appear at the August 4, 2011 hearing, no counsel appeared on behalf of Plaintiff at the hearing. Plaintiff also did not appear pro se on behalf of herself. Mitsuko Takahashi, Esq., and Patricia McHenry, Esq., appeared at the hearing on behalf of Defendants.

On August 8, 2011, the Court issued an Order: (1) Granting Defendants' Motion to Dismiss Complaint; (2) Dismissing Plaintiff's Claim for TILA Rescission With Prejudice; (3) Dismissing All Remaining Claims Without Prejudice; and (4) Granting Plaintiff leave to Amend the Complaint. (Doc. # 41.)

---

[1]Plaintiff's mainland counsel, Richard E. Lehrfeld, Esq., had been admitted pro hac vice to appear before this Court.

The Court granted Plaintiff leave to amend her Complaint by September 9, 2011. (See id. at 29.) The court advised Plaintiff as follows:

> Failure to [timely amend] and to cure the pleading deficiencies will result in dismissal of this action with prejudice.
>
> Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured her, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought. If Plaintiff chooses to file an amended complaint, she must (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue her claims, which includes attending hearings and conferences in person unless there is a legitimate excuse. Further, Plaintiff's counsel is strongly cautioned that failure to abide by Court orders or to diligently prosecute the case, including appearing before the Court at scheduled hearings, may result in dismissal of the entire action with prejudice.

(Id.)

To date, Plaintiff has not filed an amended complaint nor taken further action in these proceedings.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) provides as follows:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Rule 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders.

4

See Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I.  Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiff that she must file an amended complaint within thirty days of the Court's August 10, 2011 Order or risk dismissal of the action with prejudice. (See Doc. # 41 at 29.) Plaintiff's failure to amend her complaint hinders the Court's ability to move this case forward and indicates that

5

Plaintiff does not intend to prosecute this action. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor plainly favors dismissal.

II.     Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiff offers no excuse or explanation for her failure to file an amended complaint. When a party offers no excuse for failing to comply with a court's order, the risk of prejudice to the opposing party weighs in favor of dismissal. See Yourish, 191 F.3d at 991–92.

III.    Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal. Although Plaintiff had failed to state a claim upon which relief could be granted, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiff thirty days to amend her Complaint. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Plaintiff has given this

6

Court no indication that she intends to prosecute this action. In fact, to date Plaintiff has taken no further action in these proceedings. This Court has attempted to explore "possible and meaningful alternatives to dismissal." Id. Plaintiff has been non-responsive and noncompliant with respect to these alternatives. Given Plaintiff's failure to prosecute this action, there is no appropriate alternative to dismissal.

IV. Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is, however, a plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has failed to discharge this responsibility despite the Court's order to the contrary. Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors favoring dismissal.

Plaintiff's Complaint is therefore **DISMISSED**.

## CONCLUSION

For these reasons, Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 28, 2011.

_____
David Alan Ezra
United States District Judge

Hoilien v. Bank of America et al., Cv. No. 10-00761 DAE-KSC; ORDER DISMISSING ACTION